# Hollis *v.* United States Glass Company, Appellant.

*Negligence—Master and servant—Explosion of boiler.*

In an action against an employer to recover damages for the death of an employee, caused by the explosion of a boiler, the case is for the jury where there is testimony tending to show that both the general manager of the defendant's works and the superintendent of the factory where the accident happened, had cause to know, notwithstanding the reports of inspection, that the boiler was unsafe.

*Negligence—Improper remarks of counsel—Reference to insurance against employer's liability.*

The bringing to the attention of the jury the fact that the defendant in an action for personal injuries, is insured by an employers' liability company, is cause for reversal of a judgment, whether done by the admission of testimony, or the statement of counsel, or the offers of proofs, or by questions asked witnesses or jurors.

Argued Nov. 1, 1907. Appeal, No. 118, Oct. T., 1907, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1905, No. 1,185, on verdict for plaintiff in case of Margaret A. M. Hollis v. United States Glass Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for the death of plaintiff's husband.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $4,500. Defendant appealed.

*Errors assigned* were (1) in refusing binding instructions for defendant, and (2) in refusing to withdraw a juror and continue the case because of the remarks of plaintiff's counsel quoted in the opinion of the Supreme Court.

*William M. Hall*, with him *O. P. Metcalf*, for appellant.— The law is well settled that it is improper to show, in an action of negligence, that the defendant is insured against loss in case of recovery against it on account of its negligence: Lassig v. Barsky, 87 N. Y. Supp. 425; George A. Fuller Co. v. Darragh, 101 Ill. App. 664; Lone Star Brewing Co. v. Voith, 84 S. W. Repr. 1100.

*Rody P. Marshall*, with him *Thomas M. Marshall* and *Robert G. Woodside*, for appellee.

OPINION BY MR. JUSTICE FELL, January 6, 1908:

It has been earnestly argued by the learned counsel for the appellant that the case should have been withdrawn from the jury because there was a failure to prove that the defendant had not done all that was required of it to make the place of work safe, according to the usage and custom of the business in which it was engaged, and because the plaintiff's husband assumed an obvious risk connected with his work and arising from it, of which he had full knowledge. A careful examination of the testimony leads us to the conclusion that this contention cannot be sustained on either ground. There was testimony tending to show that both the general manager of the defendant's works and the superintendent of the factory where the accident happened, had cause to know, notwithstanding the reports of inspection, that the boiler was unsafe. And it was not so clearly shown that the plaintiff's husband had charge of the boiler, and had knowledge of its condition, that the court could have considered this as established by the testimony.

The second assignment of error, however, calls for a reversal of the judgment. In addressing the jury the plaintiff's counsel said : " It is nothing to the glass company what this verdict should be ; it is the insurance company that will pay the verdict. It is the fact that the president of the United States is advocating the abolition of this kind of insurance, because the existence of this kind of insurance is against public policy because it leads to a neglect of their duties by the employers. Remember, this company does not pay the verdict. Mr. Anderson has no interest in this case. The only man who has an interest in this case is Mr. Rodgers."

This was an invitation to find a verdict on false grounds, and it is open to the objections named in the opinion in Saxton v. Pittsburg Railways Co., 219 Pa. 492. In Walsh v. Wilkes-Barre, 215 Pa. 226, the judgment was reversed in an action to recover damages for injury sustained on a defective sidewalk, because of the statement of counsel in addressing the jury that " the lot owner is finally liable and the Lehigh & Wilkes-Barre Coal Company owns the lot." It has been repeatedly held in other jurisdictions that the bringing to the attention of the jury the fact that the defendant in an action for personal injuries was insured by an employers' liability company was cause for reversal, whether done by the admission of testimony or the statement of counsel, or the offers of proofs, or by questions asked witnesses or jurors. In Manigold v. Traction Co., 81 N. Y. App. Div. 381, the judgment was reversed because counsel had asked a witness whether a representative of an insurance company had not tried to effect a settlement of the case, and this although the court had struck out the question and had instructed the jury not to regard what counsel had said in relation to the subject. In Lassig v. Barsky, 87 N. Y. Supp. 425, and Cunningham v. Heidelburger, 95 N. Y. Supp. 554, and Geo. A. Fuller Co. v. Darragh, 101 Ill. App. 664, judgments were reversed because of questions asked in the examination of jurors that were intended to bring out the fact that the defendants were insured against loss.

In Lone Star Brewing Co. v. Voith, 84 S. W. Repr. 1100, there was a reversal of a judgment in an action for personal injuries because of the statement of counsel in argument that loss would fall on an insurance company and not on the de-

fendant. In Fuller Co. v. Darragh, 101 Ill. App. 664, it was said in the opinion of the court in referring to a statement by counsel that the defense was made by a casualty insurance company : " If this can be done, why may not a jury be told that an action is prosecuted by a corporation created to hunt up and prosecute accident cases, or by an attorney for a contingent fee, and that one-half of ·any verdict rendered for the plaintiff will go to such corporation or such attorney ? "

In determining whether there was actionable negligence and the damages sustained, it cannot be pretended that the fact that the defendant was insured against loss had the slightest bearing. The statement of counsel was improper, and it was prejudicial to the defendant.

The second assignment of error is sustained, and the judgment is reversed with a venire facias de novo.