## Lenahan *v.* Pittston Coal Mining Company, Appellant.

*Negligence—Evidence—Employers' liability company—Insurance—Attorney at law—Credibility of witness—Cross-examination.*

The fact that the defendant in an action for personal injuries is insured in an employers' liability company, has not the slightest bearing on the issue. It is an irrelevant fact, prejudicial to the defendant, and its introduction by the plaintiff, whether by testimony offered by him, by statements of his counsel, by offers of proofs or by questions asked witnesses or jurors under the pretense of disclosing interest or bias is ground for reversal.

Where a defendant in an accident case calls his own attorney to discredit one of plaintiff's witnesses, and the attorney testifies in his examination in chief that he is the attorney for the defendant, he may be asked on cross-examination whether he is not also the attorney for an employers' liability company which had insured the defendant against loss from accidents to its employees.

It is always the right of a party against whom a witness is called to show by cross-examination that he has an interest direct or collateral in the result of the trial or that he has a relation to the party from which bias would naturally arise. Such an examination goes to the credibility of the witness. The right is not to be denied or abridged because incidentally facts may be developed that are irrelevant to the issue and prejudicial to the other party. This chance the party takes when he calls the witness.

Argued April 15, 1908. Appeal, No. 61, Jan. T., 1908, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1904, No. 774, on verdict for plaintiff in case of Margaret Lenahan v. The Pittston Coal Mining Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's minor son. Before HALSEY, J.

At the trial Lawrence B. Jones, one of the counsel for the defendant, was called to discredit a witness for plaintiff. In

his examination in chief he testified that he was an attorney for the defendant. On cross-examination he was asked this question:

" Q. You represent a surety company ? "

Defendant's Counsel : State what you propose to prove.

Plaintiff's Counsel : It is not usual on cross-examination to make an offer of testimony. We have a right to ask questions of this witness, and if they are improper they are ruled out.

Defendant's Counsel : I know the object of this testimony and think it is entirely fair that an offer be made.

The Court : It is only on direct examination that offers are made. You have the right to object to any question.

Defendant's Counsel : I object to the question as not cross-examination, immaterial and irrelevant.

The Court : I will take the testimony. Objection overruled, exception noted, bill sealed for the defendant. [1]

" Q. You represent a surety company which has this defendant coal company insured against accidents of this kind ? A. What do you mean by representing. Q. As counsel—as agent or counsel? 'A. I am not agent for this company. Q. As counsel? A. I was employed by a casualty company to appear as counsel for the defendant in this case, is that what you mean. Q. What casualty company is that ? "

Defendant's Counsel : Objected to as immaterial and irrelevant.

The Court : We will take it. Objection overruled, exception noted for the defendant, bill sealed. [2]

" A. The Pennsylvania Casualty Company of Scranton. Q. And that company has this defendant, the Pittston Coal Mining Company, insured against accidents such as befell young Munley ? "

Defendant Counsel : We object.

" A. I think so."

Defendant's Counsel : We object and ask that a juror be withdrawn. It is an improper remark by counsel in presence of this jury.

The Court : Objection overruled, exception noted, bill sealed for the defendant. [3]

Verdict and judgment for plaintiff for $1,589. Defendant appealed.

*Errors assigned* were (1, 3) rulings on evidence, quoting the bill of exceptions.

*Benjamin R. Jones*, with him *Lawrence B. Jones*, for appellant.—The cross-examination was improper: Walsh v. Wilkes-Barre, 215 Pa. 226; Wagner v. Hazle Twp., 215 Pa. 219; Stratton v. Lumber Co., 39 Wash. 323 (81 Pac. Repr. 831); Manigold v. Traction Co., 81 App. Div. (N. Y.) 381.

*Edward A. Lynch* and *Thos. F. Farrell*, with them *Joseph H. Finn*, for appellee.—A party has the right on cross-examination to ask questions which will show the interest of the witness, if any, in the matter at issue: Ott v. Houghton, 30 Pa. 451; Huoncker v. Merkey, 102 Pa. 462; Com. v. Farrell, 187 Pa. 408; Com. v. Wright, 7 York, 62.

It is always competent for a party against whom a witness is called and gives evidence, to propound such questions on cross-examination as may tend to show the witness's favor or bias toward the party calling him, if there is reason to believe that any such exists: Batdorff v. Bank, 61 Pa. 179; Cameron v. Montgomery, 13 S. & R. 128; Fitzpatrick v. Riley, 163 Pa. 65; Com. v. Bell, 4 Pa. Superior Ct. 187

Opinion by Mr. Justice Fell, June 2, 1908:

This action was by a parent to recover for the death of a minor son who was killed at the defendant's colliery. The testimony of the witness for the plaintiff at the trial was admittedly in conflict with his testimony at the coroner's inquest and with statements made by him at other times. Because of the defective memory of the witness or his desire not to expose himself to a prosecution for perjury based on his admissions, the defense was unable on cross-examination to prove by him that he had made certain statements in regard to the accident that were in conflict with his testimony at the trial. To discredit the witness by proof of conflicting statements, one of the defendant's attorneys engaged in the trial was called by it. He testified that he was attorney for the defendant, that he had attended the inquest and taken notes of the testimony of the witnesses, and he stated what the plaintiff's witness had testified to before the coroner and what

he had told him at other times.   On cross-examination of this witness he was asked whether he represented as attorney a company that had insured the defendant against loss from accidents to its employees.   The allowance of this question and other questions of the same import is the error alleged in the assignments.

The fact that the defendant in an action for personal injuries is insured in an employers' liability company has not the slightest bearing on the issue.   It is an irrelevant fact prejudicial to the defendant and its introduction by the plaintiff, whether by testimony offered by him, by statements of this counsel, by offers of proofs or by questions asked witnesses or jurors under the pretense of disclosing interest or bias, is ground for reversal: Walsh v. Wilkes-Barre, 215 Pa. 226 ; Hollis v. Glass Co., 220 Pa. 49.   The rulings of these cases will be strictly adhered to and rigidly enforced, and no evasion or circumvention of them by indirection will be tolerated. But in applying them regard must be had to the undoubted right of the plaintiff to cross-examine a witness for the defendant to show his interest or bias.   It is always the right of a party against whom a witness is called to show by cross-examination that he has an interest direct or collateral in the result of the trial or that he has a relation to the party from which bias would naturally arise.   Such an examination goes to the credibility of the witness : Ott v. Houghton, 30 Pa. 451 ; Batdorff v. Bank, 61 Pa. 179.   The right is not to be denied or abridged because incidentally facts may be developed that are irrelevant to the issue and prejudicial to the other party.   This chance the party takes when he calls the witness.

The defendant's witness in his examination in chief had testified that he was attorney for it.   This was but a partial disclosure of facts that might create a bias and it was competent for the plaintiff to show the full extent of the witness's relation to the parties in interest in defending the action.   The defendant opened the door for this inquiry and as long as it was conducted in good faith for a legitimate purpose, the plaintiff was within his rights.

The judgment is affirmed.