## Hollis *v.* United States Glass Company, Appellant.

*Negligence—Master and servant—Explosion of boiler.*

In an action against an employer to recover damages for the death of an employee, caused by the explosion of a boiler, the case is for the jury where there is testimony tending to show that both the general manager of the defendant's works and the superintendent of the factory where the accident happened, had cause to know, notwithstanding the reports of inspection, that the boiler was unsafe.

Argued Oct. 20, 1909. Appeal, No. 90, Oct. T., 1909, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1905, No. 1,185, on verdict for plaintiff in case of Margaret A. M. Hollis v. United States Glass Company. Before Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before Shafer, J.

The facts appear by the report of the case in 220 Pa. 49.

Verdict and judgment for plaintiff for $7,750. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*William M. Hall,* for appellant.

*Rody P. Marshall,* with him *Thomas M. Marshall* and *Robert G. Woodside,* for appellee.

PER CURIAM, January 3, 1910:

A former judgment in this case was reversed because of the refusal of the court to withdraw a juror and continue the case after objectionable remarks prejudicial to the defendant had been made by plaintiff's counsel in his argument to the jury: see 220 Pa. 49. But it was said in the opinion of this court that the case could not have been withdrawn from the jury because there was testimony tending to show that both the general manager of the defendant's works and the superintendent of the factory where the accident happened had cause to know, notwithstanding the reports of inspection, that the boiler that exploded was unsafe. The testimony at the second trial was substantially the same in all material respects as that at the first trial. There are circumstances under which one using steam boilers must of necessity rely upon the certificate of a competent inspector, but such certificate will not be a protection, if, notwithstanding it, he had knowledge of defects: McNeil Brothers Co. v. Crucible Steel Co., 207 Pa. 493. Whether the plaintiff's husband knew or was chargeable with knowledge of the unsafe condition of the boiler was under the testimony also a question for the jury.

The judgment is affirmed.