# Curran *v.* Lorch, Appellant.

*Trials—Continuance—Prejudicial evidence—Negligence—Insurance—Motion to withdraw juror.*

1. In an action to recover damages for personal injuries resulting from the alleged negligent operation of an automobile, it is error for the trial judge to refuse defendant's motion to withdraw a juror and continue the case where counsel for the plaintiff attempts by questions to direct the attention of the jury to the fact that defendant was insured and was therefore not concerned as to the result of the verdict.

*Negligence—Automobiles—Chauffeurs—Chauffeur's authority—Burden of proof—Case for jury.*

2. In an action to recover damages for personal injuries resulting from the alleged negligent operation of the defendant's automobile by defendant's chauffeur, the burden is on the plaintiff to show that the chauffeur was the servant of the owner of the car, and that at the time of the accident was engaged upon the business of the owner, or acting within the scope of his employment.

3. The case is for the jury where the chauffeur testified that the accident occurred after he had cleaned and put the car in order, and while testing it for use on the following day; and the defendant denied having any knowledge of the fact that his chauffeur had taken the car out of the garage at such time or that he had any authority to do so.

Argued Oct. 24, 1913. Appeal, No. 133, Oct. T., 1913, by defendant, from judgment of C. P. Allegheny Co., Nov. T., 1910, No. 205, on verdict for plaintiff in case of Edward Curran v. Louis Lorch. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before FRAZER, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,250 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the first which was as follows: The court erred in refusing the defendant's motion to withdraw a juror and continue the case which motion occurred in the course of taking testimony as follows:

By Mr. Marshall: "Q. You built a garage up at your house, didn't you? A. I think so."

"Q. And when did you build that garage, in August? A. I don't know."

"Q. And you brought him up there and kept him up there for two weeks after the garage was finished in August? A. I don't know."

"Q. And you did send him to Mr. Dickie's office with Mr. Dowler? A. Yes, sir."

"Q. And you said, 'I don't care; I am insured. Take him down to the insurance company?' "

By Mr. Dickie: "Objected to."

By the Court: "I do not think it makes any difference whether he was insured or not."

By Mr. Marshall: "Well, if your honor does not think so, I will not press it."

By Mr. Dickie: "I move that a juror be withdrawn and the case continued."

"Motion refused."

"To which ruling of the court counsel for defendant requests an exception."

"Exception allowed and bill sealed."

*J. Roy Dickie,* with him *William W. Wishart,* for appellant.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 5, 1914:

This is an action of trespass to recover damages for personal injuries resulting from the alleged negligent operation of an automobile. Appellant was the owner and was not present at the time of the accident. The car was driven by the chauffeur when the injuries were sustained. In such a case the burden is on plaintiff to show that the chauffeur was the servant of the owner of the car, and that at the time of the accident he was engaged on the business of the owner, or acting within the scope of his employment. The rule was very clearly stated by our Brother STEWART in Lotz v. Hanlon, 217 Pa. 339. Appellant denied having any knowledge of the fact that his chauffeur had taken his automobile out of the garage on the night of the accident, or that he had any authority to do so. The defense on this branch of the case was that the chauffeur took the automobile without permission and was using it not on the business of the owner but for the pleasure of the driver. This would have been a perfectly good defense, if the facts were uncontroverted. On the other hand plaintiff called the chauffeur as a witness and he testified to a state of facts, which if believed, would warrant the jury in finding that after cleaning and putting the car in order on the evening of the accident he was testing it for use the following day. This testimony was introduced to show that the chauffeur was acting within the scope of his employment. There was a conflict of testimony on this material point, and hence it was for the jury to say whether the chauffeur was acting within the scope of his employment at the time of the accident: Parker v. Matheson Motor Car Company, 241 Pa. 461.

On the question of negligence it is a very close case, but on the record as it is here presented, we have concluded that the court could not have decided this issue

as a matter of law. When the case is again tried this question may be considered by court and counsel upon its merits on the facts then presented. After careful consideration we have concluded to sustain the first assignment of error. The matter complained of was an attempt to direct the attention of the jury to the fact that the defendant was insured and was not therefore concerned as to the result of the verdict. This was clear error and practice of this kind is objectionable in the trial of such causes of action. The present Chief Justice, in Hollis v. U. S. Glass Co., 220 Pa. 49, very clearly points out that testimony of this character is an invitation to find a verdict on false grounds and that such practice is condemned not only in Pennsylvania but in other jurisdictions. Under the facts of this case we cannot say that no harm was done by the attempt to introduce this testimony, and we think it better practice to rigidly enforce the rule so as to discourage the introduction of testimony intended to create prejudice without being material to the issue.

The first assignment of error is sustained.

Judgment reversed and a venire facias denovo awarded.