## Bernstein v. Quaker City Cab Company.

*Witnesses—Cross-examination—Defendant's witness employed by casualty company—New trial.*

The fact that plaintiff's attorney asked defendant's investigator, when under cross-examination, whether he was not in the employ of a casualty company, which question was not answered by the witness, is not, in itself, sufficient to require the court to withdraw a juror, and, hence, the refusal of the court to do so is not ground for new trial.

Motion for new trial. C. P. No. 5, Phila. Co., Dec. T., 1921, No. 8729.

*Evans, Forster & Wernick,* for plaintiff; *C. W. Freed,* for defendant.

HENRY, P. J., 52nd judicial district, specially presiding, Dec. 21, 1923.—In this action of trespass for personal injuries, claimed to have been suffered by reason of the alleged negligence of the defendant, the jury returned a verdict in favor of Samuel Bernstein for $629, and in favor of Regina Bernstein for $1000. The defendant has moved for a new trial, and in support of the rule urges only one reason, and that is that the motion to withdraw a juror should have been allowed when counsel for the plaintiffs asked a witness, under cross-examination, whether he was not in the employ of a casualty company, after the witness said he went there as an investigator for the defendant. The question was not answered. Subsequently a formal offer was made at sidebar to prove by cross-examination that the witness went there on behalf of a casualty company. This offer was overruled. While being interrogated upon this subject, and in reply to the question whether he went there to investigate on behalf of somebody else other than the Quaker City Cab Company, the witness answered: "I was employed to handle nothing but Quaker City Cab Company accidents. When I left the American Express Company to work for the concern that handled nothing but—nothing but the Quaker City Cab Company work." Defendant at the argument admitted that the witness was in the employ of the casualty company and not in employ of defendant.

While it is true that any reference to insurance carried by a defendant is improper and usually works to the defendant's prejudice, yet there would seem to be no good reason why a witness could not be asked as to his employment, although it might possibly involve the mention of an insurance or casualty company, and where this fact is developed upon cross-examination for the sole purpose of affecting the credibility of the witness, it would seem to be proper. This is in accord with Lenahan v. Pittston Coal Mining Co., 221

4 D. & C.

Pa. 626, where it was held that it might be shown upon cross-examination that a witness "has an interest direct or collateral in the result of the trial or that he is a relation to the party, from which bias would naturally result. Such an examination goes to the credibility of the witness. The right is not to be denied or abridged because incidentally facts may be developed that are irrelevant to the issue and prejudicial to the other party. This chance the party takes when he calls the witness."

The evidence in the case tended to show negligence upon the part of the driver of the defendant, and the damages awarded by the jury are not excessive, if the evidence of the plaintiff is to be believed.

And now, to wit, Dec. 21, 1923, rule discharged and judgment is hereby directed to be entered upon the verdict in favor of the respective plaintiffs and against the defendant upon payment of the jury fee.