Deeney *v.* Krauss, Appellant.

Argued November 17, 1958. Before JONES, C. J.,
BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

*Joseph D. Shein,* with him *Max E. Cohen,* and *Henry Temin,* for appellant.

*Thomas J. McCormack,* for appellees.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, January 5, 1959:

These appeals attack the propriety of the action of the court below in a trespass action in refusing a motion for a new trial and in entering judgment upon verdicts in favor of appellees.[1]

Mrs. Deeney was injured when struck by a motor vehicle operated by the appellant at the intersection of Henry and Midvale Avenues, Philadelphia. Mrs. Deeney had been a passenger in a trolley car which had been proceeding in an easterly direction on Midvale Avenue. At the intersection of Henry and Midvale Avenues the trolley car stopped, Mrs. Deeney alighted from the trolley car, passed in front thereof and, while attempting to cross Midvale Avenue, was hit by appellant's motor vehicle proceeding west on Midvale Avenue.[2]

---

[1] The verdicts were $10,000 in favor of Elizabeth Deeney and $5,000 in favor of John J. Deeney, Sr., her husband.

[2] Appellant does not argue that the questions of negligence and contributory negligence were improperly submitted to the jury.

382

Appellant urges that a new trial should be granted on either one of two grounds: (1) that the jury was improperly influenced by references made to insurance during the trial and (2) that the testimony of a police officer concerning a skid mark found by him at the site of the accident one and one-half hours subsequent thereto should not have been admitted into evidence.

The references to insurance were made during cross-examination of the appellant by appellees' counsel. In reply to a question as to whether appellant had given a statement to anyone, beside the police, as to his version of the accident, appellant replied: "The insurance representative". On further cross-examination appellant was asked whether he had had any conversation with one Martin Keogh, a passenger in appellant's automobile at the time appellant drove Mrs. Deeney to the hospital after the accident. The appellant replied: "Well, we were trying to console our patient. She was saying different things that didn't make too much sense. We were trying to tell her we were taking her to the hospital and we had insurance." On both occasions when insurance was mentioned the trial court very properly and promptly admonished the jury to ignore such references.

As a general rule in a trespass action the fact that a defendant is insured is irrelevant and the injection of such an issue is so prejudicial that it calls for the withdrawal of a juror and continuance of the trial: *Harriett v. Ballas*, 383 Pa. 124, 117 A. 2d 693; *Kaplan v. Loev*, 327 Pa. 465, 194 A. 653; *Lenahan v. Pittston Coal Company*, 221 Pa. 626, 70 A. 884. In the *Lenahan* case, supra (p. 629), we said: "It is an irrelevant fact prejudicial to the defendant and its introduction by the plaintiff, whether by testimony offered by him, by statements of [his] counsel, by offers of proof or by

questions asked witnesses or jurors under the pretense of disclosing interest or bias, is ground for reversal. . . . *The rulings [of certain cited cases] will be strictly adhered to and rigidly enforced, and no evasion or circumvention of them by indirection will be tolerated."* (Emphasis supplied) To this general rule there is an exception where the reference to insurance is so vague and indefinite as to preclude any prejudicial effect or violate the rule prohibiting references to insurance: *Cain v. Kohlman,* 344 Pa. 63, 69, 22 A. 2d 667 and cases therein cited; *Richardson v. Wilkes-Barre Transit Company,* 172 Pa. Superior Ct. 636, 640, 95 A. 2d 365.

An examination of the instant record indicates that appellant's answer on cross-examination that he gave a statement to "The insurance representative" falls within this exception. The language of the court in *Rodgers v. Ashley,* 207 F. 2d 534, 535, where a pedestrian sought to recover for injuries sustained when struck by an automobile, is most apposite: "The complaint is made that one of the witnesses mentioned an insurance company in saying to whom he gave a statement. Under the circumstances this is not grounds for a new trial. There was no statement that the insurance company was the one with which the defendant was insured and the company could as well have been one who insured the plaintiff or his employer as the one who insured the defendant". Cf: *Fleischman v. Reading,* 388 Pa. 183, 130 A. 2d 429. Appellant's second statement that "we were trying to tell her we were taking her to the hospital and we had insurance" does not entitle him to a new trial. In addition to the fact that this statement was not responsive to the question asked, the record is completely devoid of any indication that the question was asked for the purpose of eliciting such a reply from appellant. Just a short time prior to this statement, the jury had been advised,

while appellant was on the stand, that insurance had no relevancy in the trial of the case, yet in replying to an inquiry as to whether appellant had had a conversation with a passenger in his automobile, he replied that he had told Mrs. Deeney "that we had insurance". While we are firmly convinced of the soundness of the rule prohibiting deliberate and intelligent injection of insurance into the trial of a trespass action, yet under the circumstances disclosed by the instant record, any prejudice that might have resulted from the second reference to insurance was the result of appellant's, not the appellees', actions and appellant's statement was not responsive to the question propounded to him.

Appellant further argues that a new trial should be granted because of the improper admission into evidence of the testimony of Thomas Morrissey, a Philadelphia police officer. Morrissey, assigned to investigate the accident, testified that he had interrogated appellant and that appellant stated to him that he was proceeding at a speed of some 20 to 25 miles per hour; that he saw appellee cross Midvale Avenue approximately 10 feet in front of him; that he jammed on his brakes and skidded but that he was unable to avoid striking her. Appellees then sought to introduce testimony as to the physical characteristics of a skid mark found by Morrissey at the accident site approximately one and one-half hours subsequent to the accident. The trial court properly sustained appellant's objection to the introduction of any such testimony until a proper connection had been shown between the skid mark and appellant's motor vehicle. Appellees then called Martin Burke, the trolley car operator, and he testified, in substance, that he was attracted to the accident by the screech of brakes; that he saw appellant's vehicle skid from the middle of Henry Avenue

to the end of the trolley car and that he saw a skid mark approximately 60 or 61 feet in length following the path that he had observed the motor vehicle skid; Morrissey was then recalled and, over appellant's objection, testified that he observed a skid mark beginning at approximately the middle of Henry Avenue and running 61 feet west. The introduction of such testimony, appellant contends, requires the grant of a new trial.

In view of Burke's identity of and testimony as to characteristics of the skid mark and appellant's own admission that he did skid prior to the accident, we believe that Morrissey's testimony in description of the skid mark, corresponding so closely with both versions, was properly admitted. The rule which prohibits the introduction of testimony relating to skid marks observed after an accident but not connected in any way with the motor vehicle alleged to have made such skid marks[3] has no application under the facts disclosed by the instant record. Although it is true that Morrissey did not observe the skid marks until one and one-half hours after the accident, it is incredible that the skid marks seen by Burke would have been erased and in the interim a fresh skid mark made by another car in approximately the same place. Moreover, even if it be assumed *arguendo,* that such testimony was inadmissible, appellant was not seriously harmed by such error. There was no dispute and in fact appellant admitted that he did skid some distance. Morrissey's testimony was therefore, at the most, cumulative and, in effect, served only to corroborate the eyewitness testimony of Burke as to the origin, length and direction of the skid, after its existence had been established.

---

[3] *Johnson v. Philadelphia & Reading R. R.,* 283 Pa. 480, 129 A. 569.

We find no error in the present record and believe that the court below properly denied appellant's motion for a new trial.

Judgment affirmed.