## Bortz v. Henne, Appellant.

Argued April 23, 1964. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Herbert F. Holmes, Jr.,* with him *Elston C. Cole,* for appellant.

*Frank J. Eustace, Jr.,* for appellee.

Opinion Per Curiam, July 1, 1964:

This was a suit in trespass for personal injuries and property damage arising out of an automobile collision at the intersection of Haines Street and Stenton Avenue in Philadelphia. The jury returned a verdict for the plaintiff in the amount of $7,000. After the lower Court had denied a motion (a) for a new trial, and (b) for judgment n.o.v., defendant took this appeal. Appellant (defendant) asks (1) judgment n.o.v. because of plaintiff's contributory negligence, or, in the alternative, (2) a new trial on the basis of plaintiff's allegedly prejudicial reference to an "adjuster" during cross-examination at the trial.

In considering a motion for a judgment n.o.v., we must of course view the evidence, together with all reasonable inferences therefrom, in the light most favorable to the verdict-winner: *Bohner v. Eastern Express, Inc.,* 405 Pa. 463, 175 A. 2d 864; *Guzman v. Bloom,* 413 Pa. 576, 198 A. 2d 499.

Stenton Avenue and Haines Street cross each other at approximately right angles. Defendant was traveling South on Stenton Avenue. Plaintiff was traveling West on Haines Street, with a green light in his favor. He first saw defendant's car when it was approximately 150 feet from the intersection. As plaintiff entered the intersection, defendant's vehicle was approximately 50 to 75 feet away. When plaintiff's car was about three-quarters of the way across Stenton Avenue, defendant's car struck it on the right-hand side.

Two well settled principles rule the instant case— (1) only in a clear case will an appellate Court declare a person guilty of contributory negligence as a matter of law, and (2) one is not bound to anticipate the negligence of another: *Gregorius v. Safeway Steel Scaffolds Co.*, 409 Pa. 578, 187 A. 2d 646. The contributory negligence of the plaintiff, if any, was a question for the jury.

Defendant further contends that plaintiff's reference, on cross-examination, to what he told an "adjuster" so sufficiently injected the issue of liability insurance as to constitute prejudicial, and consequently, reversible error. We believe this answer falls within the exception and not within the general rule which requires the withdrawal of a juror or a new trial when plaintiff or his witness or his counsel refers to insurance: *Trimble v. Merloe*, 413 Pa. 408, 197 A. 2d 457. This was not a deliberate or intentional attempt to influence the jury, but an unintentional, *inconsequential* reference to insurance which was not sufficient to prejudice or influence the jury and was cured by the Court's instantaneous admonition to the jury. Cf. *Tuttle v. Suznevich*, 394 Pa. 614, 149 A. 2d 888, and *Deeney v. Krauss*, 394 Pa. 380, 147 A. 2d 369. We find no merit in any of defendant's contentions.

Judgment affirmed.