# Weed *v.* Kerr, Appellant.

Argued October 6, 1964.

*F. Joseph Thomas,* with him *R. Charles Thomas,* for appellant.

*Stuart A. Culbertson,* with him *Paul E. Allen,* for appellee.

Opinion Per Curiam, January 5, 1965:

Appellee, Robert M. Weed, sustained personal injuries when a motorcycle operated by Dewey G. Cork-

lin, on which Weed was a passenger, came into collision with an automobile operated by appellant, Homer Martin Kerr. Weed commenced an action of trespass against Kerr, who joined Corklin as an additional defendant. A jury trial resulted in a verdict for Weed against Kerr only and, after refusal of Kerr's motions for judgment n.o.v. and new trial,[1] judgment was entered on the verdict of the jury; this appeal followed.

The grant or refusal of a new trial will not be reversed on appeal, absent an abuse of discretion or error of law which controlled the outcome of the case. *Chambers v. Montgomery,* 411 Pa. 339, 192 A. 2d 355 (1963); *Nelson v. Barclay Motors,* 414 Pa. 633, 202 A. 2d 48 (1964); *Williams v. Phila. Trans. Co.,* 415 Pa. 370, 203 A. 2d 665 (1964); *Cinciripini v. Harmony Short Line,* 416 Pa. 231, 205 A. 2d 860 (1965).

We have examined and considered each of appellant's contentions with regard to alleged trial errors on the questions of liability and rulings on admissibility of evidence. Without specific references thereto, we conclude that the errors alleged do not constitute, individually or cumulatively, an abuse of discretion or error of law which controlled the outcome of the case.

The court below did not err in refusing appellant's motion for compulsory nonsuit at the close of appellee's case. It is well established that a nonsuit may properly be entered only in a clear case. *Miller v. McMinn's Industries,* 410 Pa. 234, 188 A. 2d 738 (1963), and cases cited therein. Such a clear case is not established by the instant record. The questions of negligence and contributory negligence in this intersection accident were clearly for the jury and were properly submitted to it for its resolution.

---

[1] Appellant's motion for judgment n.o.v. was abandoned in the court below.

Nor did the complained of rulings on evidence constitute the abuse or error which we must find to justify a reversal. Each matter was within the discretion of the trial court and decided within the framework of proper control of trial procedures by that court. Further, the inadvertent mis-quotation of certain testimony by the trial court during charge, caused no prejudice to appellant, when viewed in the context of the entire charge.

Finally, we find no justification for granting a new trial on the ground of excessiveness of the verdict. Unless our sense of justice is shocked, we will not hold that a verdict is excessive. *Skoda v. W. Penn Power Co.*, 411 Pa. 323, 191 A. 2d 822 (1963), and cases cited therein.

Judgment affirmed.