## Cinciripini, Appellant, *v.* Harmony Short Line Motor Transportation Company.

Argued October 7, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Roslyn M. Litman,* with her *Litman & Litman,* for appellant.

*Wallace E. Edgecombe,* with him *Royston, Robb, Leonard, Edgecombe & Miller,* for appellee.

OPINION PER CURIAM, January 5, 1965:

Appellant suffered serious personal injuries when, on August 25, 1959, an automobile driven by him was involved in an intersection collision with a bus owned by appellee and operated by its employee. A jury trial resulted in a verdict for appellee, after which appellant's motion for new trial was refused and judgment entered on the verdict of the jury; this appeal followed.

Appellant raises seven main contentions in seeking a new trial which, with their sub-contentions, amount to some twelve trial errors allegedly committed by the trial court. We have often stated that on an appeal from the refusal of a new trial, we will not reverse unless we find an abuse of discretion or an error of law which controlled the outcome of the case. *Chambers v. Montgomery,* 411 Pa. 339, 192 A. 2d 355 (1963); *Nelson v. Barclay Motors,* 414 Pa. 633, 202 A. 2d 48 (1964); *Williams v. Phila. Trans. Co.,* 415 Pa. 370, 203 A. 2d 665 (1964).

We have carefully reviewed the voluminous trial record and each of appellant's contentions and conclude that the alleged errors, individually or cumulatively, fail to meet the standard by which we are bound. In essence, the verdict of the jury was fully justified by the evidence in the case, and no abuse of discretion or error of law controlling the outcome has been demonstrated.

Judgment affirmed.