Nicholson, Appellant, *v.* Garris.

Argued September 29, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

148

reargument refused May 28, 1965.

*Robert B. Brugler,* for appellant.

*Norman L. Levin,* with him *Harry B. Thatcher,* for appellant.

*David McNitt Barron,* with him *Houck & Barron,* for appellees.

OPINION BY MR. JUSTICE JONES, March 16, 1965:

On March 18, 1957, John T. Nicholson (Nicholson) was a passenger in a 1941 Ford station wagon owned and operated by Roy E. Swineford (Swineford) in a westerly direction on Freedom Avenue, Burnham Borough, Mifflin County. A collision occurred, in the vicinity of the intersection of Freedom Avenue and Logan Boulevard—an intersection controlled by electric traffic signals—between the Swineford vehicle and a tractor-trailer operated by Wilson H. Garris (Garris) which was travelling in a northerly direction on Logan

Boulevard. The tractor was owned by Frank J. Parr (Parr), trading as Parr Trucking Company, and the trailer was owned by the Kaul Clay Products Company (Kaul). As a result of the collision, Swineford was killed instantly and Nicholson seriously injured.

As a result of this accident, three trespass actions were instituted in the Court of Common Pleas of Mifflin County: (1) an action by Swineford's personal representative against Garris, Parr and Kaul; (2) an action by Nicholson against Garris, Parr and Kaul wherein Swineford's estate was joined as an additional defendant; (3) an action by Parr against Swineford's estate. The three actions were consolidated for trial and, after a nine day trial during which the questions of negligence and contributory negligence were hotly contested, the jury returned the following verdicts: (1) verdicts in favor of Swineford's personal representative against Garris, Parr and Kaul in the amount of $30,023.50; (2) a verdict in favor of Nicholson and against Garris, Parr and Kaul in the amount of $41,753.96; (3) a verdict against Parr and in favor of Swineford's personal representative. Garris, Parr and Kaul moved for judgments n.o.v. and a new trial, the latter supported by some fifty reasons; the former were denied and the latter granted. From that order these appeals have been taken.

The court below granted a new trial because of the prejudicial effect of revealing to the jury, during the cross-examination of Parr "during the last hour of the last day of the seven days required for testimony",[1] that Parr had liability insurance. At trial, to expedite the proceedings, all evidence as to liability was presented first, followed by evidence as to damages. The last witness to appear was Parr who testified as to the damage sustained by his equipment. One element of

---

[1] From opinion of the court below.

this alleged damage was the cost of sending a tractor from Parr's home base in Mt. Jewett to the scene of the accident so as to return the trailer and a tractor-trailer to retrieve the damaged tractor. Parr testified that the expense involved in these operations was $.40 and $.50 per mile respectively. On cross-examination, Parr's 1957 income tax return was produced by opposing counsel and the following colloquy [2] occurred: "Q. Isn't it true that your expenses exceeded your income in 1957? A. It is true. Very much so. Q. Mr. Parr, I show you your income tax return for 1957 and call your attention to Schedule C, forming a part thereof, and ask you how much that return states you paid to your drivers. . . . A. $2339.31. Q. And how much do you have down for gas and oil? A. $18,793.81. Q. How much for license? A. $1130.47. . . . Q. Utilities ? A. $354.56. Q. *Insurance?*" (Emphasis supplied).

At this point Parr's counsel objected to the question and moved for the withdrawal of a juror. The motion to withdraw a juror was refused, but the objection to the question was sustained and, as the court below noted in its opinion, "[f]aced with this investment of time in the trial of these cases and realizing that the testimony was almost concluded, we admonished the jury to disregard the item in question . . ." It was the insertion of the factor of insurance into the trial at a late hour upon which the grant of a new trial was based. We now address ourselves to the question of whether, under the instant circumstances, the disclosure to the jury that Parr had liability insurance was so prejudicial as to require a new trial.

It is hornbook law that the grant or refusal of a new trial lies within the discretion of the trial court and is to be bottomed on the facts and circumstances

---

[2] Record p. 670a.

of each particular case. A trial court's disposition of such a motion will not be disturbed absent a manifest abuse of discretion or a clear error of law: *Cinciripini v. Harmony Short Line,* 416 Pa. 231, 205 A. 2d 860. The instant appellants contend that the court below in granting a new trial abused its discretion.

In *Deeney v. Krauss,* 394 Pa. 380, 382, 147 A. 2d 369, we reiterated the general rule in this area of the law, long recognized in this Commonwealth, that in negligence actions "... the fact that a defendant is insured is irrelevant and the injection of such an issue is so prejudicial that it calls for the withdrawal of a juror and continuance of the trial [citing cases]." [3]

We recently reaffirmed this principle in *Trimble v. Merloe,* 413 Pa. 408, 197 A. 2d 457 (1964), wherein we held that it was so prejudicial as to require a new trial for plaintiff's counsel, in his closing argument to the jury, to state that the jury, in arriving at a verdict, should not consider whether the defendant had liability insurance. See also: *Bortz v. Henne,* 415 Pa. 150, 204 A. 2d 52. The real dangers inherent in permitting this type of information to be placed before a jury are that the jury may be tempted to assess liability where none exists or to arrive at an excessive verdict based on sympathy for an injured plaintiff with the thought that it is not the defendant personally, but an insurance company, which will ultimately be called upon to bear the burden of payment of the verdict.

In the instant case, the effect of questioning Parr, the owner of a trucking firm, as to the amount of money spent on "insurance" was to place before the jury the fact that insurance was involved. Counsel

---

[3] See also: *Hollis v. U. S. Glass Co.,* 220 Pa. 49, 69 A. 55; *Lenahan v. Pittston Coal Co.,* 221 Pa. 626, 70 A. 884; *Curran v. Lorch,* 243 Pa. 247, 90 A. 62; *Kaplan v. Loev,* 327 Pa. 465, 194 A. 653; *Dively v. Penn-Pittsburgh Corp.,* 332 Pa. 65, 2 A. 2d 831; *Harriett v. Ballas,* 383 Pa. 124, 117 A. 2d 693.

had already established that Parr operated at a loss during 1957 before he began to elaborate on the expenses and it is clear that nothing of further evidentiary value could be gained by pursuing this line of questioning. Also, it is beyond doubt that counsel asked the question about Parr's expenditure for insurance intentionally and such an intentional effort to place this prejudicial testimony before a jury, as opposed to an inadvertent reference, requires the withdrawal of a juror: *Deeney v. Krauss,* supra.

Appellants present the argument that, because Parr was a public utility carrier and, therefore, required [4] to have protection against liability, no prejudice can result because the jury is presumed to have knowledge of it. While this is the law in some jurisdictions,[5] it has never been, and is not now, the law in our Commonwealth.

The reference to insurance, made in the final moments of this trial, was highly prejudicial even on the face of the printed record. The trial judge was in a much better position than we are to evaluate in the atmosphere of the trial the effect of this reference to insurance on this jury; under the circumstances, we find no abuse of discretion on the part of the trial judge in requiring a new trial.

Orders affirmed.

---

DISSENTING OPINION BY MR. JUSTICE O'BRIEN:

I have no quarrel with the view of the majority that prejudice results from the injection of the fact of insurance into cases such as this. The general rule is sound and, quite obviously, juries should not be permitted to consider the fact of a party's insurance cov-

---

[4] Act of May 28, 1937, P. L. 1053, §915, as amended, 66 P.S. §1355.

[5] See: 4 A.L.R. 2d 786, §13, and cases therein cited.

erage or lack thereof in reaching a verdict in a trespass case, or, for that matter, in any other case.

I believe, however, that courts have developed a phobia in this connection which might well be characterized as the insurance syndrome.

As stated in the opinion of the majority: "The court below granted a new trial because of the prejudicial effect of revealing to the jury, during the cross-examination of Parr 'during the last hour of the last day of the seven days required for testimony', that Parr had liability insurance". I fail to perceive in the record that the jury was anywhere informed that Parr had liability insurance.

The testimony which formed the basis of the order of the court below, and the opinion of the majority here, is set out in the majority's opinion. Reading of that testimony shows simply that while Parr was being cross-examined as to the earnings or lack thereof of his business, the question was asked as to how much money he had spent in a particular year for insurance. First of all, it must be noted that this question was not answered. Secondly, there is nothing to indicate that the insurance spoken of was liability insurance. The insurance referred to could very well have been theft insurance, cargo insurance, fire insurance, life insurance on key employees, hospitalization insurance, or any of a myriad other forms of insurance available to and purchased by countless business men and private individuals.

Nor can I agree with the majority's conclusion that the question was "beyond doubt" asked intentionally in an effort to place prejudicial testimony before the jury. This inference drawn by the majority is wholly gratuitous and has no support in the record.

In *Trimble v. Merloe*, 413 Pa. 408, 197 A. 2d 457 (1964), cited in the majority opinion, this closely divided court held that it was sufficiently prejudicial to

require a new trial for plaintiff's counsel to state that the jury should not consider whether the defendant had liability insurance. Today, we go even further and hold that the mere mention of the word "insurance" is sufficient ground for the grant of a new trial.

Since I believe that the grant of a new trial in this case, based upon what I consider to be an innocuous, unanswered question, is an extreme manifestation of the insurance syndrome, I dissent and would reverse the order of the court below and reinstate the jury's verdicts.

Mr. Justice MUSMANNO and Mr. Justice COHEN join in this dissent.