## Stanford v. Casasanta (No. 2)

*Raymond G. Hasley,* of *Rose, Schmidt & Dixon; Daniel B. Winters,* of *Stein & Winters; Stuart A. Culbertson; Paul E. Allen,* of *Allen & Truax,* and *Michael Halliday,* for plaintiff.

*George H. Rowley,* of *Voorhies, Dilley, Keck, Rowley & Wallace,* for additional defendant.

ACKER, J., April 17, 1972.—This case is before this court for the fifth time upon a motion. A rule to show cause why a severance should not be ordered has been obtained by the added defendant against plaintiff. It is desired by that defendant that the issue of the statute of limitations be severed from the issues of negligence and damages and that separate trials be held thereon.

The proof of the statute of limitations according to the additional defendant will involve revealing that John Casasanta, decedent, alleged tort-feasor, was covered by liability insurance. From previous evidence heard by this court without a jury on this matter, the conduct of John Casasanta's insurance carrier in its relationship with the attorney of the estate of John Casasanta will be a subject of inquiry.

Plaintiff, through his Pittsburgh counsel, who admittedly represents the insurance carrier of plaintiff's initial personal counsel, opposed the rule, requesting that all issues be heard in one trial or, in the alternative, that the issues of negligence and statute of limitations should first be heard and after verdict

immediately submit the issue of damages to a new jury. These positions are based on certain assumptions which are unacceptable to this court. They are that either aggrieved party after determination of the issue of the statute of limitations regardless of the outcome will have the right and will appeal thereby delaying the trial further, that the defense of statute of limitations is without merit and should not be accorded sufficient consideration to warrant a separate trial, that the mention of insurance can be cured by proper instructions by the court and that, in the alternative, the court should permit a jury to hear the issue of negligence and statute of limitations and then, "if necessary," impanel a new jury to hear damages.

## DISCUSSION

Pennsylvania Rule of Civil Procedure 213(b) permits, but does not require, a severance. It gives to the court in furtherance of convenience or to avoid prejudice the authority to order a separate trial of any separate issue.

No one can doubt that the statute of limitations is a separate and distinctive issue from that of liability and damages. Under the unique facts of the case the determination turns upon the reason for plaintiff suing Anthony Ralph Casasanta as the executor of decedent's estate when that person never applied for letters of administration and never served in a fiduciary capacity. By the time that plaintiff attempted to cure his error and sue the actual executor, Sullivan Cicerone, more than two years had long since passed. However, the six-year statute of limitations upon property damage had not. The property damage claim is under the arbitration limit in Mercer County and, therefore, would not be heard by a jury unless the statute of limitations issue is resolved in favor of plaintiff as to the personal injury claim.

In considering this matter, one starts with the knowledge from a previous hearing without a jury on the statute of limitations issue that insurance will come before the jury. Although plaintiff acknowledges that by the general rule in a trespass action the fact that a defendant is insured is irrelevant and its injection into the trial normally calls for the withdrawal of a juror,[1] he wishes to circumvent the rule by applying an exception. The exception he desires is where the evidence which surrounds the disclosure of insurance is relevant for other purposes.[2] Although the exception does exist in a very limited number of factual situations, there is no reasonable possibility of its existing in the case at bar, nor does plaintiff by his brief attempt to demonstrate why the fact of insurance is material to the questions of negligence and damages. In this court's opinion, the deliberate disclosure of insurance upon a trial of the matter on the merits would be extremely prejudicial and grounds for a mistrial.

The practice of separating the issues where prejudice will result pursuant to Rule 213(b) is specifically approved in Swanger v. Pyles, 204 Pa. Superior 72, 203 A. 2d 488 (1964), where the court stated, page 74:

"Prudent judicial administration required the court to regulate the proofs. . ."[3]

---

[1] Deeny v. Krauss, 394 Pa. 380, 147 A. 2d 369 (1959); Nicholson v. Garris, 418 Pa. 146, 210 A. 2d 164 (1965); Blatt v. Davis Construction Co., 184 Pa. Superior Ct. 30, 133 A. 2d 576 (1957).

[2] Plaintiff relies upon Jury v. New York Central Railroad Co., 167 Pa. Superior Ct. 244, 74 A. 2d 531 (1950).

[3] The procedure of multiple trials upon issues where prejudice may arise if heard by the same jury has been followed by our lower courts: Ritterson v. Hillegass, 33 D. & C. 2d 64 (1964); Kelly v. McKelvin, 8 D. & C. 2d 739 (1956). This court followed the procedure of separating the issue of the validity of a release in which insurance was disclosed from that of damages with the approval of counsel in Langdon v. Strawhecker, 46 D. & C. 2d 764 (1969).

Plaintiff heavily relies upon Passigli v. Lipson, 6 D. & C. 2d 329 (1955). This case, however, is easily distinguishable from that at bar. The issue was whether plaintiff could sue a fellow employe in Pennsylvania under our law for an accident which occurred in our State where both plaintiff and defendant were employed by the same employer in the State of New York. The factual issue would be whether the parties were engaged upon the business of a mutual employer at the time of the accident and the legal issue, whether, if so engaged, the court will hold plaintiff to be without capacity to sue because of the New York Compensation Act. The court concluded that rule 213(b) should not be applied to permit separate trials. However, the court all but concluded in its opinion that plaintiff did have the right to sue as a matter of law and felt, therefore, there was not a substantial issue. It believed also, in the event of an adverse ruling to plaintiff, the matter would be appealable and, therefore, delay the final determination of the action. Although not mentioned, the issue of prejudice found in the case at bar was not there present. There was no element of insurance or the receipt of workmen's compensation. It was basically a factual issue of the relationship of plaintiff and defendant between themselves and to their employer at the moment of the accident. Whether a defendant is operating within the scope of his employment is frequently a factual issue to be decided at trials along with the question of negligence. Therefore, there was nothing unique in this factual situation requiring a severance.

The policy of severance to avoid prejudicial matters has been approved by our Supreme Court as well. In Vignoli v. Standard Motor Freight, Inc., 418 Pa. 214, 210 A. 2d 271 (1965), it was applied to permit the court to hear testimony concerning the question of intoxication initially and to determine whether or not there

was sufficient evidence thereof to permit a jury to consider the issue. This procedure brought the comment from the appellate court that "the trial court wisely heard the testimony . . ."

Contrary to the position of plaintiff, this court believes that there is a most substantial question concerning the statute of limitations as more fully appears in its previous opinion.[4] Nor do we believe that the aggrieved party on the question of statute of limitations would have any more right to appeal now than when the previous appeal was declared by the Pennsylvania Supreme Court to be interlocutory.[5] There, the court held that the order appealed from clearly did not terminate the litigation, but left the way open for plaintiff to pursue his action against the proper party by filing a complaint within 20 days of the court order. In the posture of the case if the statute of limitations is resolved against plaintiff as to the personal injury claim, the property damage claim, which is at the same number and term and incorporated in the same action, would require final disposition before appeal. Therefore, the argument of plaintiff that a severed trial would result in an appeal by the aggrieved party and a further delay of the case is without foundation. In conjunction with that argument, plaintiff implies that the additional defendant has in some manner been responsible for a five-year delay in the trial of this case. Throughout that period, plaintiff, through the error of suing the wrong person as executor, has been attempting to get the correct executor on the record as a party defendant. Down to the last order of this court, all of the efforts of plaintiff were in vain. Plaintiff is the party who improperly appealed to the Supreme Court and

---

[4] Stanford v. Casasanta, 53 D. & C. 2d 675 (1971).
[5] 437 Pa. 429, 263 A. 2d 326 (1970).

on several occasions failed to comply with the time period for filing additional pleadings allowed either by this court or the Supreme Court. To now attempt to place the onus of delay upon Sullivan Cicerone, who had been merely protecting his rights, is unwarranted by the facts.

One final point of considerable merit must be mentioned. At last count, this plaintiff had upon the record two Pittsburgh law firms, two separately practicing attorneys from Meadville, and an attorney from Greenville. Why so many counsel? The answer has been disclosed through the various proceedings held to this time. The Pittsburgh counsel are attempting to protect the interest of their respective professional liability insurance carriers. One of the Meadville counsel and the Greenville counsel are attempting to protect their standing to avoid suit against them individually. Who is left to represent plaintiff individually without a conflict of interest? Apparently, only one counsel, that being from Meadville, who has entered the case most recently. The potential conflict between counsel would be obvious to a school boy. Being concerned about potential conflict of counsel, our Supreme Court has ruled that the same counsel cannot represent a party plaintiff who has been joined as an additional defendant.[6] The same reasoning is applicable here. Nor is it an answer that all five plaintiff's counsel want to defeat the defense of the statute of limitations. It is the route taken to arrive at that destination which produces the conflict. Only by segregating the issues and having a determination of whether the statute of lim-

---

[6] Jedwabny v. Philadelphia Transportation Co., 390 Pa. 231, 135 A. 2d 252 (1957), cert. den. 355 U.S. 966, 78 S. Ct. 557, 2 L. Ed. 2d 541, and Allen v. Duignan, 191 Pa. Superior Ct. 608, 159 A. 2d 21 (1960).

itations is applicable to the personal injury claim and thereby answering whether potential actions will come into fruition against the individual counsel can it be learned whether the attorneys who end up in court at the trial of the merits of the case are, in fact, representing the interest of plaintiff individually. The issues to be framed for presentation to the jury will be the subject of a pretrial conference scheduled for April 19, 1972. The statute of limitations issue shall be tried before a jury during the first two weeks of the forthcoming May trial term. If it is resolved in favor of plaintiff, the trial upon the merits shall be held by a new jury panel during that same term of court on or after the commencement of the third week of trial.

## ORDER

And now, April 17, 1972, the rule to show cause why a severance should not be granted is made absolute.