**FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, Appellee,**

v.

**SUBURBAN WEST ABSTRACTORS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 2004.

Filed May 24, 2004.

James W. Gicking, Philadelphia, for appellant.

Daniel E. Rhynhart, Philadelphia, for appellee.

BEFORE: STEVENS, MONTEMURO * and KELLY, JJ.

OPINION BY MONTEMURO, J.:

¶ 1 Appellant Suburban West Abstractors appeals the Order entered June 23, 2003, in the Delaware County Court of Common Pleas following a jury verdict in favor of Appellee Fidelity National Title Insurance Company in this negligence action. We affirm.

¶ 2 Appellee is a title insurance company providing title insurance policies to purchasers, mortgage holders and other parties having an interest in real estate. Appellant is in the business of conducting last owner title searches. In December of 1998, New Century Mortgage Corporation (New Century), a mortgage lending company, approached Appellee for a title insurance policy in connection with New Century's refinancing of a residential mortgage on a property owned by Mike and Talia Rosen. Appellee subsequently requested that Appellant perform a last owner title search in order to uncover any mortgages, judgments or other liens that might affect the Rosens' property. Appellant's search revealed the first mortgage, which was being refinanced, and two minor tax judgments. Based on this information, Appellee issued New Century a title insurance policy insuring the mortgage for $318,750.00.

¶ 3 Several months later, Appellee received information that the Marian Asset Management Committee (Marian Asset) held a $380,000.00 judgment against the Rosens that was not listed on Appellant's search report. Pursuant to its obligations under the title insurance policy, Appellee defended the proceedings when Marian Asset attempted to execute on that judgment. Although Appellee ultimately paid New Century the full amount of the mortgage, it was later able to recoup $160,000.00 through a settlement agreement with Marian Asset.

¶ 4 Appellee brought the instant action against Appellant to recover its losses, including substantial legal fees, and received a jury verdict of $176,000.00 in its favor. Appellant's post trial motions were denied on June 16, 2003, and judgment was entered on the verdict by order of June 23rd. This timely appeal followed.

¶ 5 Appellant presents three questions for our review:

1) Whether the trial court erred in permitting [Appellee] to refer to and present evidence of [Appellant's] errors and omissions insurance coverage?

2) Whether the trial court erred in allowing [Appellee] to support its claim for attorney fees as 'fair and reasonable' with testimony from an attorney not identified as an expert, and with a 30–year association with the firm for whom he purported to offer such objective evidence?

3) Whether the trial court erred in failing to instruct on contributory negligence, and in precluding [Appellant] from presenting certain evidence relevant to [Appellee's] negligence as well as to causation?

(Appellant's Brief at 3).

■ ¶ 6 Appellant first contends that it was unfairly prejudiced when the trial court permitted Appellee to introduce in-

* Retired Justice assigned to Superior Court.

surance evidence to the jury. As part of its defense, Appellant asserted that the parties had agreed to a limitation of liability for searches conducted on Appellee's behalf, and in support submitted two separate documents, a search report limiting liability to $25.00, and a price list stating that errors and omissions insurance for the search was limited to $10,000.00. Appellee, in response, argued that the parties had always intended for Appellant to bear the risk of loss, and that as a result Appellant had agreed to carry errors and omissions insurance of $250,000.00. The trial court allowed Appellee to introduce a vendor information sheet in support of this contention. Appellant now requests a new trial arguing that any claim that it had agreed to carry errors and omissions insurance to protect Appellee was both without evidentiary support and irrelevant to the issues, including Appellant's own affirmative defense of limited liability.

¶ 7 "Our standard of review regarding a trial court's denial of a motion for a new trial is limited. The power to grant a new trial lies inherently with the trial court and we will not reverse its decision absent a clear abuse of discretion or an error of law which controls the outcome of the case." *Kaplan v. O'Kane*, 835 A.2d 735, 737 (Pa.Super.2003) (citation omitted). Further, "the admission of evidence is within the sound discretion of the trial court and will not be reversed absent a clear abuse of that discretion." *Cooke v. Equitable Life Assurance Society of the United States*, 723 A.2d 723, 729 (Pa.Super.1999) (citation omitted). "The general rule in Pennsylvania is that evidence of insurance is irrelevant and prejudicial and justifies the grant of a mistrial." *Allied Electrical Supply Co. v. Roberts*, 797 A.2d 362, 364 (Pa.Super.2002), *appeal denied*, 570 Pa. 680, 808 A.2d 568 (2002) (citations omitted). "However, the mere mention of

the word insurance does not necessitate a new trial unless the aggrieved party can demonstrate prejudice." *Id.* (citations omitted). In addition, Pennsylvania Rule of Evidence 411 contains an exception to the general rule:

**Rule 411. Liability Insurance**

Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. ***This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose* . . . .**

Pa.R.E. 411 (emphasis added).

¶ 8 We find that the Pa.R.E. 411 exception applies to the instant matter. Following a lengthy in-chambers debate on the matter, the trial court permitted Appellee to introduce evidence of Appellant's errors and omissions insurance for the express purpose of rebutting Appellant's limited liability defense. *See* N.T., 1/27/03, at 98–99. Appellant understood the contingent nature of this permission, yet made the conscious decision to introduce the defense anyway. *See Id.* It cannot now object to the inclusion of evidence which it voluntarily introduced. Moreover, Appellant's price sheet and Appellee's vendor information sheet *both* confirm the existence of errors and omissions insurance. Neither document indicates whether the insurance is to be provided by a third party. In fact, the only difference between the two documents is the amount of liability assumed; thus it is clear that the evidence was offered for the sole purpose of determining whether the parties had agreed to restrict liability, and, if so, to what amount, a circumstance reinforced by the trial court's thorough limiting instructions. *See* N.T., 1/28/03, at 20–25.

¶ 9 Appellant cites *Trimble v. Merloe*, 413 Pa. 408, 197 A.2d 457 (1964), and

*Nicholson v. Garris,* 418 Pa. 146, 210 A.2d 164 (1965), for the principle that a direct reference to liability coverage warrants a new trial. These cases are easily distinguishable, however, as *Trimble* and *Nicholson,* both personal injury matters, involved the plaintiffs' calculated introduction of liability insurance as a means of informing the jury that the respective defendants would not be personally responsible for paying the verdict. *See Paxton National Insurance Co. v. Brickajlik,* 513 Pa. 627, 522 A.2d 531, 533 (1987) ("[F]act-finders should not be tempted to render decisions based upon the extraneous consideration that an insurance company will actually pay the bill."). These concerns were not present here, as proof of errors and omissions insurance, which was introduced by Appellant, was relevant solely to a determination of which party would be liable for a faulty search, not to prove whether Appellant acted wrongfully or would bear the actual burden of satisfying a judgment.

¶ 10 Accordingly, the true issue concerned the amount of liability for the overlooked judgment. As the parties advanced different amounts, the issue became a credibility determination, and the jury, as fact finder, was entitled to believe all, part or none of the evidence presented. *Ty-Button Tie, Inc. v. Kincel and Co., Ltd.,* 814 A.2d 685, 693 (Pa.Super.2002).

¶ 11 Next, Appellant challenges the trial court's decision to allow a partner in Appellee's counsel's firm to testify with respect to the reasonableness of the attorney's fees. Specifically, Appellant argues that the attorney was never qualified as an expert and was not impartial because of his association with Appellee's counsel's firm. We disagree.

¶ 12 Pennsylvania law does not require that an expert testify as to the reasonableness of attorney's fees. *See Hart v. O'Malley,* 781 A.2d 1211, 1220 (Pa.Super.2001) (holding plaintiff's own testimony sufficient to establish reasonableness of attorney's fees). Further, the partner was neither identified nor referred to as an expert.

¶ 13 Generally, an attorney is not permitted to act as an advocate in a trial where he is likely to testify. However, Pennsylvania Rule of Professional Conduct 3.7(a)(2) permits an attorney to testify as to the nature and value of legal services rendered in a case. Here, the partner did not act as an advocate. Even had he done so, however, he would have been permitted to testify with respect to legal fees. Moreover, the partner's relationship to the firm was fully disclosed during direct examination and explored on cross-examination. Again, the accuracy of his testimony became an issue of credibility for the jury. *See Ty-Button Tie, Inc., supra.*

¶ 14 Appellant's final issue questions the trial court's refusal to instruct the jury on Appellee's contributory negligence. Appellant claims that industry standards establish Appellee's negligence in ordering only a last owner search rather than a full title search before deciding to provide a $300,000.00 title insurance policy.

¶ 15 "[T]he burden of establishing contributory negligence rests on the defendant." *Pascal v. Carter,* 436 Pa.Super. 40, 647 A.2d 231, 233 (1994). A plaintiff's recovery will not be affected by his negligent conduct unless that conduct was a "substantial factual cause of the injury for which damages are sought." *Id.* Evidence of such negligence should be submitted to the jury. *Id.* Here, there is no evidence of Appellee's contributory negligence as the missed judgment was against the owner and should have been

discovered in the last owner search. Thus, Appellee could not have avoided its damages by ordering a full title search. Finally, Appellee was entitled to rely on the accuracy of the search absent any evidence to the contrary.

¶ 16 Order affirmed.