HOFFMAN, Judge:
 

 This is an appeal from the judgment entered pursuant to the November 23, 1993 order denying appellants’ post-trial motions. Appellants, Jason and Martin Pascal, present the following issues for our review:
 

 1. Where the minor plaintiff accurately reported a hand injury and symptoms to his parents and his athletic trainers, was there sufficient evidence to charge both him and his non-custodial father with contributory negligence for failing to seek medical treatment sooner than they did?
 

 2. Can a radiologist who misses an obvious wrist fracture on an X-Ray film raise a contributory negligence defense where the causation element of that defense depended upon speculation that if the minor plaintiff had sought treatment earlier, a different doctor would have made the correct diagnosis and proper treatment would have followed?
 

 3. In a medical negligence case, does a patient’s conduct before consulting the defendant physician, alleged only to contribute to the condition for which the patient sought treatment, constitute contributory negligence?
 

 4. Where a minor plaintiff claims damages for medical negligence, and the minor’s father joins as plaintiff to assert
 
 *42
 
 a derivative claim for medical expenses, should the alleged contributory negligence of either or both plaintiffs be considered jointly permitting the father’s negligence to be imputed to his son and thereby barring the son’s recovery?
 

 Appellants Brief at 4. For the reasons set forth below, we reverse.
 

 Appellant, Jason Pascal, injured his wrist while participating in a football game in the fall of 1988. In February of 1989, the injury was exacerbated during a volleyball game. In March of 1989, X-Rays were taken of Jason’s wrist at Radiological Diagnosis. Dr. Jeffrey Carter, a radiologist employed there, read the X-Rays and reported that there was no evidence of fracture or abnormality. Due to continued wrist pain, another X-Ray was taken of appellant’s wrist in January of 1990. A fracture of the carpal navicular bone in Jason’s wrist was diagnosed. Jason then underwent surgery to repair the wrist. On October 15, 1991, appellants filed a complaint alleging medical malpractice against appellees, Dr. Carter and Radiological Diagnosis, Inc.. The case proceeded to trial before the Honorable Charles C. Keele. On February 8, 1993 the jury returned a verdict in favor of appellees. Post-trial motions were filed and denied. This timely appeal followed.
 

 We will address appellants second argument first as it is dispositive of this appeal. Appellants argue that they are entitled to a new trial as the court erred in charging the jury on contributory negligence. Specifically, appellants contend that as their alleged negligence was neither the cause in fact nor legal cause of the injury, the court erred in instructing the jury on contributory negligence. We agree.
 

 In the instant case, appellant Jason Pascal initially injured his wrist in the fall of 1988. Appellant however, did not seek medical treatment of the wrist until March of 1989. In March of 1989, appellee, Dr. Carter read X-Rays of appellant’s wrist. The X-Rays demonstrated a fracture of the carpal navicular. Dr. Carter, however, informed appellants that there was no evidence of a fracture or abnormality. Dr. Carter admitted at trial that his failure to diagnosis the fracture was negligent.
 
 *43
 
 The trial court instructed the jury that Dr. Carter was negligent as a matter of law. The trial court also instructed the jury that it could find appellants contributorily negligent for their failure to seek treatment earlier than March of 1989. This instruction however was erroneous.
 

 If there is some evidence of contributory negligence, the issue should be submitted to the jury.
 
 McCullough v. Monroeville Home Ass’n, Etc.,
 
 270 Pa.Super. 428, 411 A.2d 794, 795 (1979). However, the burden of establishing contributory negligence rests on the defendant.
 
 Id.
 
 at 431, 411 A.2d at 795. Additionally, for a plaintiffs negligent conduct to effect his recovery, his conduct must be a proximate cause of his injury.
 
 Koelle v. Philadelphia Electric Co.,
 
 443 Pa. 35, 42, 277 A.2d 350, 354 (1971). In order for negligent conduct to be a proximate cause of an injury it must be a substantial factual cause of the injury for which damages are sought.
 
 Dornan v. Johnston,
 
 421 Pa. 58, 60, 218 A.2d 808, 809 (1966).
 

 Here, appellants alleged contributory negligence was in failing to seek treatment for Jason Pascal’s injured wrist earlier. Appellees argued that if Jason Pascal had sought treatment for the wrist soon after the initial injury, the treatment could have obviated the need for surgery. There was testimony presented that earlier treatment might have made surgery unnecessary. However, there was no testimony presented that a proper diagnosis of the fracture could have been made at an earlier date. Deposition of Dr. Bong S. Lee, 1/11/93 at 82. In fact, the expert testimony indicated that the fracture became clearer over time. Deposition of Dr. William B. McNamee, 1/22/93 at 60. Without any evidence demonstrating that an earlier diagnosis would have been successful in discovering Jason Pascal’s injury, the failure to seek such a diagnosis cannot have been a cause of the need for surgery on the wrist. Moreover, it would be entirely speculative to assume without the benefit of expert testimony on the issue, that simply because it was negligent for Dr. Carter to fail to diagnosis the fracture in March of 1989, an earlier diagnosis would have been successful in discovering the injury to the wrist.
 
 See Dornon
 
 at 60-61, 218 A.2d at 810. Thus, as there
 
 *44
 
 was no evidence of causation between appellants’ negligence and the injury alleged, the trial court erred in instructing the jury on contributory negligence.
 
 See Cuthbert v. City of Philadelphia,
 
 417 Pa. 610, 615, 209 A.2d 261, 264 (1965). Moreover, as this error clearly influenced the verdict, a new trial must be granted. Accordingly, the order is reversed and the case is remanded for a new trial.
 
 [1]
 

 Reversed and remanded. Jurisdiction is relinquished.
 

 McEWEN, J. concurs in the result.
 

 [1]
 

 . Due to our disposition of this issue, we need not address the other issues raised by appellants.