**Crystal ROSE, Administratrix, of The Estate of Edward Rose, Deceased**

**v.**

**Michael ANNABI, M.D., Onuorah Umeh, M.D., Ralph Korkor, M.D. and John F. Kennedy Memorial Hospital and JFK Southwest.**

**Appeal of: Michael Annabi, M.D.**

Superior Court of Pennsylvania.

Argued May 23, 2007.
Filed Oct. 12, 2007.

Arthur B. Keppel, Philadelphia, for appellant.

Charles L. Becker, Philadelphia, for appellee.

BEFORE: MUSMANNO, GANTMAN, and PANELLA, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Dr. Michael Annabi, appeals from the judgment entered on October 16, 2006, by the Honorable Eugene Maier, Court of Common Pleas of Philadelphia County. After careful review, we affirm.

¶2 On April 15, 2002, Edward Rose filed a professional negligence action against Dr. Michael Annabi and co-defendants Dr. Onuorah Umeh, Dr. Ralph Korkor, John F. Kennedy Memorial Hospital, and JFK Southwest. Rose claimed that defendants' medical negligence combined to cause him harm in delaying the diagnosis of colon cancer, which if found earlier would have been more easily treated or cured.

¶3 The decedent, Edward Rose, died after suit had been filed, and consequently, on February 22, 2005, his daughter, Crystal Rose, as administratrix of his estate, substituted as plaintiff. Prior to the matter being called to trial, the parties agreed to the dismissal of Dr. Umeh, and a stipulation to this effect was filed of record. All remaining defendants except Dr. Annabi settled out of court.

¶4 The matter was called to trial before the Honorable Esther R. Sylvester, however, on August 25, 2005 a mistrial was declared. The case was assigned for re-trial which commenced on February 6, 2006, before the Honorable Eugene Maier. The jury returned a verdict for Rose and against Annabi, awarding $908,989.71 in damages, consisting of $65,000 for wrongful death and $843,989.71 on the survival action. Thereafter, Dr. Annabi filed a motion for post-trial relief which was subsequently denied. This timely appeal follows.

¶5 On appeal Dr. Annabi raises the following issues for our review:

1. Was not Appellant entitled to have settled Co–Defendant's name on the verdict sheet such that the jury could consider the portion of liability to be attributed to each?

2. Was not Appellant entitled to a comparative negligence jury charge and to have Plaintiff's decedent's name on the verdict sheet such that the jury could consider the portion of liability to be attributed to him?

¶6 Dr. Annabi first argues that the trial court erred by refusing to include one of the settling defendants, colorectal surgeon Dr. Korkor, on the verdict slip. The appellant has the burden to demonstrate that the trial court's refusal to include a co-defendant on the verdict slip and the refusal to charge the jury on comparative negligence was an abuse of discretion or an error of law. *Yacoub v. Lehigh Valley Med. Assocs.*, 805 A.2d 579 (Pa.Super.2002), *appeal denied*, 573 Pa. 692, 825 A.2d 639 (1993). It is well settled that Pennsylvania law requires expert testimony to show that a physician's conduct varied from acceptable medical practice and constituted a breach of the standard of care. *Brannan v. Lankenau Hospital*, 490 Pa. 588, 417 A.2d 196 (1980). Further, "[t]he MCARE Act plainly prefers, and in some cases may require, that expert testimony in professional malpractice cases come from witnesses with expertise in the defendant's particular subspeciality." *Herbert v. Parkview Hospital*, 854 A.2d 1285, 1294 (Pa.Super.2004), *appeal denied*, 582 Pa. 710, 872 A.2d 173 (2005). Trial courts are afforded discretion to decide this issue. *Id.*; 40 Pa.Stat. § 1303.512(c)(2).

¶7 More specifically, the MCARE Act requires that a standard of care expert must:

● Be substantially familiar with the applicable standard of care for the specific care at issue as of the time of the alleged breach of the standard of care;

● Practice in the same subspecialty as the defendant physician or in a subspecialty which has a substantially similar standard of care for the specific care at issue;

● In the event the defendant physician is certified by an approved board, be

board certified by the same or similar approved board.

40 Pa.Stat. § 1303.512(c)(1–3).

■ ¶ 8 We further note that the standard for abuse of discretion is well established. "Discretion is abused when the course pursued [by the trial court] represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill will." *Coker v. S.M. Flickinger Co.*, 533 Pa. 441, 448, 625 A.2d 1181, 1185 (1993), *quoting* P.L.E. New Trial § 2.

¶ 9 In applying this standard, we initially note the trial court's opinion:

> The case at hand conversely involves an alleged delay in colon cancer diagnosis, the harm caused thereby and it necessarily implicates complex issues and standards which can be properly established for a jury exclusively by a colorectal surgeon and specialist such as Dr. Korkor. None of the experts produced by either Plaintiff or Appellant were qualified to establish Dr. Korkor's standard of care as a colorectal surgeon and to opine that his treatment and diagnosis of Mr. Rose fell below that standard.

Trial Ct. Op., pp. 14–15.

¶ 10 Dr. Annabi asserts that Dr. Heller was qualified to render an opinion on the standard of care applicable to colorectal surgeons, such as Dr. Korkor. We recognize that Dr. Heller was familiar with the evaluation, diagnosis, and treatment of colon cancer. N.T., 2/7/2006 at 10–11. Additionally, Dr. Heller was qualified to speak to and inform the jury on issues regarding internal medicine and gastroenterology. N.T., 2/7/2006 at 8–10. However, this knowledge only satisfies 40 Pa.Stat. § 1302.512(c)(1). The MCARE Act provides for a three part test in which each basis must be established. Dr. Annabi failed to establish the second and third criteria. There was no evidence presented to establish, pursuant to 40 Pa.Stat. § 1302.512(c)(2), that the standard of care of an internist/gastroenterologist such as Dr. Heller was "substantially similar" to the standard of care of a colorectal surgeon such as Dr. Korkor for the care at issue. Furthermore, Dr. Korkor testified that he was board certified by the American Board of Abdominal Surgery. N.T., 2/7/2006 at 168. However, as required by 40 Pa.Stat. § 1302.512(c)(3), there was no evidence indicating that the board certifications held by Dr. Heller in internal medicine/gastroenterology/nutrition were the same or similar to the board of certification of abdominal surgery.

¶ 11 In the absence of any qualified witness to testify to the standard of care of Dr. Korkor, there was insufficient evidence to include Dr. Korkor on the verdict sheet. We find that the ruling exercised by the trial court is not manifestly unreasonable; nor is there any indication that the action is a result of partiality, prejudice, bias, or ill will. Therefore, the trial court did not abuse its discretion in refusing to include Dr. Korkor on the verdict sheet. Accordingly Dr. Annabi's first issue on appeal merits no relief.

■ ¶ 12 In his second claim, Dr. Annabi asserts that the trial court erred in refusing to charge the jury on the comparative negligence of Rose and refusing to include him on the verdict slip for apportionment.

■ ¶ 13 It is well established that the burden of establishing comparative negligence rests on the defendant. *Pascal v. Carter*, 436 Pa.Super. 40, 647 A.2d 231, 233 (1994), *citing McCullough v. Monroeville Home Ass'n*, 270 Pa.Super. 428, 411 A.2d 794 (1979). In demonstrating that the plaintiff was negligent, defendant has

the burden of showing that his conduct was unreasonable under the circumstances. *See Argo v. Goodstein*, 438 Pa. 468, 481, 265 A.2d 783, 789–790 (1970).

¶ 14 As noted by the trial court, Dr. Annabi presented insufficient evidence to the jury to establish that Rose was negligent in action or omission concerning the injury claimed in this suit to justify charging the jury on contributory negligence or placing his name on the verdict sheet for an apportionment of liability. The trial court recognized that "[n]o testimony, expert or otherwise, established that any act or omission on Mr. Rose's part caused the 15 month delay in his colon cancer diagnosis. As such, it would have been error for the Court to charge the jury on comparative negligence or include him on the verdict slip for apportionment of liability." Trial Court Opinion, 2/6/2007, at 12.

¶ 15 Dr. Annabi failed to causally relate Rose's conduct to the delay in colon cancer diagnosis. Although Rose missed several appointments, there was no expert testimony which indicated that this fact was a substantial factor in causing his death. The record indicates that Rose visited the clinic 13 times between 1996 and 1998, and missed one or two appointments over these years. N.T., 2/9/2006 at 59. However, Dr. Hirschmann, Rose's expert on causation, testified that the cancer was not diagnosable until the beginning of 1999. N.T., 2/6/2006 at 70. Notably, Dr. Annabi's causation expert, Dr. Tester, did not contest Dr. Hirschmann's opinion. Therefore, any of the missed appointments prior to 1999 cannot be seen as contributing factors.

¶ 16 Furthermore, the failure of Rose to disclose his family history of colon cancer to Dr. Annabi can not be found as negligence causally relating to his death. Dr. Annabi conceded that he (1) had a duty, as the treating physician, to be aware of the family history of colon cancer recorded in the chart; (2) was in fact aware of this information; and (3) treated Rose as high risk due to that awareness. N.T., 2/8/2006 at 187–193, 207. Clearly, there was insufficient evidence to charge the jury regarding Rose's negligence under these facts.

¶ 17 Dr. Annabi also claims that Rose was negligent for failing to tell him about his rectal bleeding. Rose testified that he told Annabi about the rectal bleeding in 1999, while Annabi testified that he had no recollection of the appointment during which this occurred. N.T., 2/8/2006 at 198–199. Of course, the fact finder is free to believe all, part or none of the evidence, and the credibility of and the weight to be accorded the evidence produced are matters within the province of the trier of fact. *Berger v. Schetman*, 883 A.2d 631, 640 (Pa.Super.2005). Therefore, this claim is without merit.

¶ 18 Dr. Annabi further alleges that Rose was negligent in failing to follow Dr. Korkor's plan for an annual sigmoidoscopy and a colonoscopy every five years. N.T. 2/6/2006, 164–166. We note that there was no evidence on the record that Rose was aware of this plan or the need to follow it. In fact, Dr. Korkor testified that he expected Dr. Annabi to read and understand this plan but he did not testify that Rose was aware of the plan. N.T., 2/7/2006 at 187.

¶ 19 Applying the discretionary standard set out, as aforesaid, in *Coker v. S.M. Flickinger Co.*, 533 Pa. 441, 448, 625 A.2d 1181, 1185 (1993), we find that the trial court did not abuse its discretion in excluding Rose and the instruction of comparative negligence from the verdict sheet. There was no evidence presented to support the conclusion that Rose was negligent, or that his alleged negligence was causally related to his death. Accordingly, we must deny Annabi's second issue on

appeal. Therefore we affirm the trial court's judgment.

¶ 20 Judgment affirmed.