6 A.3d 492

Anthony BOYLE and Maureen Boyle, h/w, Appellees

v.

INDEPENDENT LIFT TRUCK, INC. and
Frank Fatiga, Jr., Appellants.

Supreme Court of Pennsylvania.

Argued May 12, 2010.

Decided Sept. 29, 2010.

312

Karyn Dobroskey Reinzi, Esq., Teresa Ficken Sachs, Esq., Charles Spitz, Esq., Post & Schell, P.C., Philadelphia, for Independent Lift Truck, Inc., appellant.

William Joseph Cappol, Esq., John Thomas Dooley, Esq., for Anthony and Maureen Boyle, appellees.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY and ORIE MELVIN, JJ.

## *OPINION*

Justice TODD.

In this appeal by allowance, we consider the issue of whether the Superior Court erroneously ordered a new trial due to an allegedly improper special verdict sheet question regarding comparative negligence,[1] where the jury never reached the

1. While the lower tribunals, and Appellees in the matter *sub judice*, speak of the doctrines of "comparative negligence" and "contributory negligence" interchangeably, we note that, in 1978, the Pennsylvania General Assembly enacted the Comparative Negligence Act, 42 Pa. C.S.A. § 7102(a), to ameliorate the harshness of the common law doctrine of contributory negligence, which served as an absolute bar to recovery by plaintiffs who may have been only minimally responsible for their loss:

> (a) GENERAL RULE.—In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

42 Pa.C.S.A. § 7102. Thus, in situations involving negligence which results in death or injury to person or property, the doctrine of comparative negligence is employed to apportion the costs of an accident grounded upon the relative fault of both the plaintiff and the defendant. Pursuant to this statutory construct, where the factfinder finds the defendant is negligent, it then determines if the plaintiff was contributorily negligent, and, if so, the factfinder assesses the relative percentages of fault. The Comparative Negligence Act permits a plaintiff to recover damages where the plaintiff's contributory negligence is equal to or less than the defendant's negligence. *Id.* Thus, the doctrine of contributory negligence still endures within a comparative negligence framework, but as modified by the statute. *Id.; Krentz v. Consolidated*

issue of comparative negligence. For the reasons set forth below, we find that, where a jury never considered the issue of comparative negligence, any alleged error concerning the verdict sheet in that regard is harmless and a new trial is not warranted. Therefore, we reverse the order of the Superior Court, and remand for consideration of the remaining issues on appeal.

By way of background, on November 10, 2003, Appellant Frank Fatiga, Jr. and his father, Frank Fatiga, Sr., were repairing a forklift at Appellant Independent Lift Truck, Inc.'s warehouse in Philadelphia, Pennsylvania (Frank Fatiga, Jr. and Independent Lift Truck, Inc. are collectively referred to as "Appellants"). As part of the repair, the men unbolted and removed the backrest of the forklift, and they leaned the backrest against the forklift.[2] As the men expected to reattach the backrest in short order, they did not secure the backrest to the forklift. Subsequently, Appellee Anthony Boyle arrived at the premises to attend a business meeting. The backrest fell onto Boyle's right foot, causing severe injuries.

Anthony Boyle and his wife, Appellee Maureen Boyle (collectively, "Appellees"), brought a personal injury action against Appellants. After a four-day trial, the jury returned a defense verdict for Appellants, finding they were not negligent. The trial court denied Appellees' motion for post-trial relief and entered judgment on the verdict. Appellees appealed to the Superior Court.

On April 21, 2009, a three-judge panel of the Superior Court vacated the judgment in an unpublished memorandum opinion. *Boyle v. Independent Lift Truck*, 976 A.2d 1197 (Pa.Super.2009) (table). While rejecting numerous issues as meritless or waived, the panel found that the trial court should not have included a question regarding Anthony Boyle's own

*Rail Corp.*, 589 Pa. 576, 588, 910 A.2d 20, 27 (2006). It is with this understanding that we refer to these doctrines.

**2.** A backrest of a forklift is the back wall on the lifting portion of the lift. It is perpendicular to the forks and prevents the load from falling backwards onto the driver. Backrests can weigh over 100 pounds.

negligence on the jury verdict sheet.[3] The Superior Court opined that there was insufficient evidence to establish Boyle's negligence, and, thus, it was error to submit the question of comparative negligence to the jury. As the Superior Court concluded that the special verdict sheet introduced to the jury a legal concept that was unsupported by the evidence, it ordered a new trial. Since the Superior Court remanded for a new trial, it did not address certain other issues Appellants raised on appeal.[4] President Judge Emeritus McEwen concurred in the result. Thereafter, Appellants appealed to our Court.

On December 31, 2009, we granted allocatur on the issue of whether the Superior Court erred in ordering a new trial due to an allegedly improper verdict slip question on comparative negligence, where the jury never reached the issue of comparative negligence. *Boyle v. Independent Lift Truck, Inc.*, 987 A.2d 717 (Pa.2009) (order).

■ The primary question before us is whether the verdict slip was defective so as to require a new trial. The award of a new trial is proper only where a trial court has committed an error of law or abuse of discretion which may have affected the verdict. *Pennsylvania Dep't of Gen. Serv. v. U.S. Mineral Prod. Corp.*, 598 Pa. 331, 336, 956 A.2d 967, 970 (2008) (citing *Harman ex rel. Harman v. Borah*, 562 Pa. 455, 467, 756 A.2d 1116, 1122 (2000)). With this standard of appellate review in mind, we turn to the arguments of the parties.

3. The Superior Court determined that Appellees failed to raise a challenge to the trial court's charge to the jury on comparative negligence in their post-trial motions, and, thus, concluded that Appellees' challenge to the trial court's jury instruction on comparative negligence was waived. Superior Court Memorandum Opinion at 4.

4. The Superior Court did not address the issues of: (1) Whether the trial court erred in refusing to instruct the jury to enter judgment in favor of Appellees as a matter of law; (2) Whether the trial court erred in refusing to instruct the jury on Standard Jury Instruction 5.08 (Circumstantial proof of negligence) and Restatement (Second) of Torts section 238D (*Res ipsa loquitur*); (3) Whether the trial court erred in denying Appellees' motions for a directed verdict and judgment notwithstanding the verdict; and (4) Whether the trial court erred and abused its discretion in failing to grant a judgment notwithstanding the verdict in favor of Appellees.

Appellants argue that a new trial is not warranted, despite trial court error, where the error did not cause prejudice. According to Appellants, Appellees failed to make a showing that any alleged error was prejudicial, and the Superior Court on appeal did not find, or even mention, prejudice. Rather, Appellants contend that the Superior Court improperly focused solely upon the lack of evidence to allow submission of the issue of comparative negligence to the jury. As an aside, Appellants vigorously disagree with this conclusion, contending that Frank Fatiga, Jr. testified that "Someone would have to hit [the backrest] to knock it over. They don't just fall." N.T., 6/12/07, at 55. This testimony, coupled with Anthony Boyle's testimony that he was the only one near the backrest, according to Appellants, was sufficient evidence to submit the issue of Anthony Boyle's negligence to the jury.

Nevertheless, Appellants assert that, even if the special verdict sheet introduced to the jury a legal concept unsubstantiated by the evidence, Appellees are not entitled to a new trial because such error was harmless, as Appellees suffered no prejudice by the error. Specifically, Appellants submit that the jury never reached the question of Anthony Boyle's negligence because the jury determined that Appellants were not negligent; thus, no prejudice resulted from the presence of the comparative negligence question on the special verdict sheet. Appellants offer various Pennsylvania cases which support the principle that allegations of error are rendered moot or harmless where the jury did not deliberate over issues of alleged error in order to reach its verdict. *See, e.g.,* *Whitton v. H.A. Gable Co.,* 331 Pa. 429, 200 A. 644 (1938); *Jewelcor Jewelers & Distrib., Inc. v. Corr,* 373 Pa.Super. 536, 542 A.2d 72 (1988). Related thereto, Appellants stress that the trial court acted within its discretion in denying Appellees' request for a new trial as any alleged error in the verdict slip was harmless as a matter of law. Finally, Appellants maintain that, if the Superior Court's decision were to stand, the appellate court system would be flooded with appeals of trial court error, even in the absence of prejudice.

Appellees counter that Appellants presented insufficient evidence to the jury that Anthony Boyle was negligent in any action or omission concerning his injuries to justify inserting a section on the special verdict sheet on comparative negligence. According to Appellees, the only evidence presented at trial was that Frank Fatiga, Jr. was climbing on shelves in the parts department and caused the backrest of the forklift to fall on Anthony Boyle; that Occupational Safety and Health Administration regulations required that a forklift must have its backrest on at all times; and that the backrest could have been secured. As such, Appellees claim that the Superior Court properly found that there was not conflicting evidence as to how the accident occurred, and, thus, no evidence for the jury to consider comparative negligence. Therefore, Appellees reason that the Superior Court properly determined that the trial court erred in submitting the question regarding comparative negligence to the jury, and that a new trial was required.

Furthermore, although Appellees do not address in great detail Appellants' argument that there was no prejudice in including the question on comparative negligence on the verdict slip, they posit, "How are appellants to determine what the jurors were thinking during their deliberations? Appellants certainly cannot assume that the jurors didn't read and review the entire special verdict sheet as the trial court instructed them to do before rendering a verdict[.]" Appellees' Brief at 18. Understanding the parties' arguments, we turn to resolution of the issue before us.

As a general proposition, a court should only charge the jury "on the law applicable to the factual parameters of a particular case and it may not instruct the jury on inapplicable legal issues." *Cruz v. Northeastern Hosp.*, 801 A.2d 602, 611 (Pa.Super.2002). More specifically, when there is no evidence of plaintiff's negligence, no instruction to the jury on contributory negligence should be given. *Greet v. Arned Corp.*, 412 Pa. 292, 296, 194 A.2d 343, 345 (1963).

Here, while both parties hotly contest whether there was *some* evidence of Anthony Boyle's negligence, the Superior Court's order to remand the matter for a new trial was based upon its determination that there was *insufficient* evidence to submit the legal issue of comparative negligence to the jury. The Superior Court reasoned that inserting a question regarding comparative negligence on the special verdict sheet constituted reversible error.

We need not decide the issue of whether there was sufficient evidence to submit the question of comparative negligence to the jury, however, because, even if it were legal error to place the question of comparative negligence on the special verdict sheet, Appellees were required to demonstrate that they suffered prejudice, in order to be entitled to the award of a new trial. As discussed more fully below, we find that, because the jury never reached the issue of comparative negligence, Appellees suffered no prejudice, and, thus, they were not entitled to a new trial on this basis.

 It is well established that in order for a party to be awarded a new trial, the moving party must demonstrate that it was prejudiced by the alleged error of the trial court. *See Aldridge v. Edmunds*, 561 Pa. 323, 334, 750 A.2d 292, 298 (2000); *Anderson v. Hughes*, 417 Pa. 87, 92, 208 A.2d 789, 791 (1965) ("To constitute reversible error, a ruling on evidence or an instruction to a jury must be shown not only to have been erroneous but harmful to the party complaining."). More specifically, our Commonwealth's long-standing caselaw holds that allegations of error are harmless where the jury is not required to deliberate over the issue out of which the alleged error arises in order to reach its verdict. In *Whitton v. H.A. Gable Co.*, 331 Pa. 429, 200 A. 644 (1938), in an action arising out of injuries suffered by the plaintiff from a fall on ice, the jury returned a special finding of no negligence on the part of the defendant. Our Court, in addressing the plaintiff's counsel's objection to a charge on contributory negligence, opined that, once a jury finds no negligence on the part of a defendant, the issue of contributory negligence is no longer in the

case, and any error regarding the instruction is non-prejudicial:

> [A]s the jury found no negligence on the part of [defendant] the question of contributory negligence passes out of the case, and any error in the charge in this respect would not have been prejudicial.

*Whitton,* 331 Pa. at 432, 200 A. at 646.

Superior Court and Commonwealth Court case law echoes the principle that where a jury finds no negligence on the part of a defendant, purported error regarding questions of comparative and/or contributory negligence are not prejudicial and cannot serve as a basis for the award of a new trial. *See Jewelcor Jewelers,* 542 A.2d at 80 (rejecting plaintiff's challenge to instruction on contributory negligence by holding that, even if erroneous, the error was harmless as jury found defendant not to be negligent and so the question of contributory negligence was removed from the case), (citing *Whitton, supra* ); *Robinson v. City of Philadelphia,* 329 Pa.Super. 139, 478 A.2d 1, 3–4 (1984) (finding improper remarks regarding plaintiff's contributory negligence constituted harmless error as jury found, through answers to special interrogatories, that defendant was not negligent); *Dean v. Trembley,* 185 Pa.Super. 50, 137 A.2d 880, 883 (1958) (holding, based on the opinion of the trial court, that plaintiff was not entitled to a new trial due to emphasis on plaintiff's alleged contributory negligence as "[t]he jury having found that the defendant was not guilty of negligence, it must be assumed that the matter of the alleged contributory negligence of plaintiff, as contended by the defendant, was never considered by the jury."); *Sacco v. City of Scranton,* 115 Pa.Cmwlth. 512, 540 A.2d 1370, 1374 (1988) (concluding that any error by trial court's instruction was harmless in light of jury never reaching question of plaintiff's comparative negligence).[5]

5. Appellees point to the Superior Court's decision in *Pascal v. Carter,* 436 Pa.Super. 40, 647 A.2d 231 (1994), a medical malpractice matter in which the court found that the trial court improperly instructed the jury on contributory negligence and granted a new trial, after the jury returned a verdict in favor of the defendants. According to Appellees, *Pascal* supports the Superior Court's award of a new trial in this

Based upon the clear precedent set forth above, we reaffirm our prior case law and hold that, where a jury, through a special verdict sheet, finds no negligence on the part of a defendant, any issue of comparative negligence no longer remains in the case, and any purported error regarding a question on comparative negligence is non-prejudicial, and does not serve as a basis for a new trial.

In applying this law to the facts before us, we note that the special verdict sheet at issue in this matter stated in relevant part:

### SPECIAL VERDICT QUESTIONS

1. Was defendant, Independent Lift Truck, Inc., negligent?

> Yes
> No X

If you answer Question 1 Yes, please answer number 2. If you answer Question 1 No the plaintiff cannot recover and you should not answer any further questions and should return to the courtroom.

2. Was the negligence of Independent Lift Truck, Inc. a factual cause of any injury to Anthony Boyle?

> Yes _____
> No _____

If you answer Question 2 Yes, please answer Question No. 3. If you answer Question 2 No, the plaintiff cannot recover and you should not answer any further questions and should return to the courtroom.

3. Was plaintiff, Anthony Boyle negligent?

> Yes _____
> No _____

If you answer Question 3 yes, please answer number 4. If your answer to this interrogatory is No, please skip interrogatory number 4 and answer interrogatory number 5.

matter. *Pascal* is materially distinguishable from the facts present in the matter before us, as the defendants in *Pascal* admitted negligence at trial and the trial court instructed the jury that defendants were negligent as a matter of law. On that basis, not present in the matter *sub judice,* the Superior Court in *Pascal* found that the erroneous jury instruction influenced the jury. *Pascal* plainly does not suggest a different resolution of this appeal.

4. Was the negligence of Anthony Boyle a factual cause of any injury to Anthony Boyle?

Yes _____

No _____

Please answer Question No. 5.

5. Taking the combined negligence that was a factual cause of any injury to Plaintiff, Anthony Boyle, as 100%, what percentage of the causal negligence was attributable to each of the following:

Percentage of Causal Negligence Attributable
to Defendant, Independent _____%
Lift Truck

(Answer only if you have answered "Yes" to
Questions 1 and 2).

Percentage of Causal Negligence Attributable
to Plaintiff, Anthony Boyle _____%

(Answer only if you have answered "Yes" to
Questions 3 and 4).

Total 100 %

Special Verdict Questions, 6/15/07 (R852a).[6] Thus, but for the "X" placed next to "No" on Question 1, the jury left the rest of the sheet blank.

Pursuant to the explicit directions contained in the special verdict sheet, once the jury found that Appellants were not negligent, Appellees could not recover, the jury was not to answer any further questions, and the jurors were to return to the courtroom. Thus, the jury, following the plain terms of the special verdict sheet, never reached the question of Anthony Boyle's negligence, because it determined that Appellants

6. While both Independent Lift Truck, Inc. and Frank Fatiga, Jr. are listed as defendants in this appeal, the parties agreed that, to simplify matters, reference to only Independent Lift Truck, Inc. would be made in the special verdict sheet. N.T., 6/14/07, at 153–55.

were not negligent. Therefore, even if the question regarding comparative negligence was erroneously included on the special verdict sheet, because the jury never reached the issue of Anthony Boyle's negligence,[7] no prejudice resulted. *See Whitton.* As Appellees suffered no prejudice, any purported error was harmless. As the alleged error was harmless, there was no basis for the Superior Court to grant a new trial.

For the above-stated reasons, we reverse the order of the Superior Court and remand the matter to that court for consideration of Appellees' remaining issues on appeal.

Chief Justice CASTILLE, Justices SAYLOR, EAKIN, BAER, McCAFFERY and ORIE MELVIN join the opinion.

7. The law presumes that the jury follows the court's instructions. *Commonwealth v. Hairston,* 603 Pa. 660, 670 n. 11, 985 A.2d 804, 810 n. 11 (2009); *Paves v. Corson,* 569 Pa. 171, 178, 801 A.2d 546, 550 (2002).