J-A16001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| A.S. A MINOR, BY THOMAS J. SAK, III AND MARIA SAK, NATURAL PARENTS AND GUARDIANS, AND THOMAS J. SAK, III AND MARIA SAK, HIS WIFE, INDIVIDUALLY | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : | No. 886 MDA 2019 |
| THE SCHOOLHOUSE DAY CARE CENTERS, INC. AND CHILD-ED, INC., INDIVIDUALLY & T/D/B/A THE SCHOOLHOUSE DAY CARE CENTER | : : : : | |

Appeal from the Judgment Entered April 28, 2020
In the Court of Common Pleas of Luzerne County
Civil Division at No(s):  2014-12587

BEFORE:  PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:           **FILED: AUGUST 31, 2020**

A.S., a minor, Thomas J. Sak, III, and Maria Sak (collectively "the Saks") appeal from the judgment entered on April 28, 2020, in this action arising from an incident where A.S. was resuscitated after drowning.[1] The Saks

---

[1] The Saks improperly purport to appeal from the order dated May 7, 2019, that denied their request for post-trial relief. An appeal from the denial of a post-trial motion is interlocutory and as such is not a final appealable order. ***See Hackett v. Indian King Residents Association***, 195 A.3d 248, 250 n.3 (Pa. Super. 2018) (citation omitted). However, since filing their notice of appeal, the Saks have filed a *praecipe* to enter judgment, which was thereafter entered by the prothonotary/clerk on April 28, 2020. Accordingly, the entry of judgment sufficiently perfects our jurisdiction, and we may proceed in our review of this appeal. ***See*** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after

contend that the trial court erroneously denied their motion *in limine*, which sought to exclude evidence related to the Sak parents' failure to provide A.S. with inflatable armbands known as "swimmies" on the date that A.S. suffered a pool-based drowning experience. As the jury found Appellee, The Schoolhouse Day Care Centers, Inc., not negligent, it never reached the causation question of whether the Sak parents were comparatively and/or contributorily negligent for not furnishing A.S. with those "swimmies." Therefore, admission of the "swimmies" testimony was, at most, harmless error and independent of any adjudication of the Appellee's negligence. Accordingly, we affirm.

Briefly, Appellee operated a field trip to a state park. Five-year-old A.S. was a participant on this trip, which included time spent at an on-site pool. A.S. could not swim and was supposed to be limited to the three-foot-deep section of the pool. However, after entering the pool without any flotation device, A.S. was found submerged in the water. Eventually, the pool's lifeguards pulled him out of the water and resuscitated him. An ambulance then transported A.S. to a hospital and then later a medical center. After treatment, A.S. was released.

Following this incident, the Saks filed a lawsuit against Appellee, claiming that it was negligent for failing to properly supervise A.S. while he

the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.") The caption reflects that the appeal is from the April 28, 2020 judgment.

was in the pool. The Saks, among other things, not only sought damages on behalf of A.S., but they also pursued compensation for themselves to provide for A.S.'s past and future medical expenses. Appellee, in response, insisted that at least some of the Saks' claims were barred or limited as a result of the Saks parents' alleged comparative and/or contributory negligence.

The Saks filed a motion *in limine* seeking to exclude evidence that the family did not provide A.S. with "swimmies" for the trip. They argued that such information "was wholly irrelevant and not causally connected to the issue of negligence asserted against [Appellee.]" Appellant's Brief, at 8. In denying the motion, the trial court found the "swimmies" evidence to be relevant to Appellee's comparative and/or contributory negligence averments. Ultimately, the case proceeded to trial, and a jury found Appellee not negligent.

Following the conclusion of the trial, the Saks filed a motion for post-trial relief, which was denied. After that, the Saks filed a premature notice of appeal to our Court that has since been corrected through the entry of judgment in favor of Appellee. Both the Saks and the trial court have complied with their respective obligations under Pa.R.A.P. 1925.

In this appeal, the Saks raise one issue for our review:

1. Was the trial court's denial of the Saks's motion *in limine* an error of law or abuse of discretion?

**See** Appellants' Brief, at 4.

"When reviewing a ruling on a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. The admission of the evidence is committed to the sound discretion of the trial court and our review is for an abuse of discretion." **Commonwealth v. Parker**, 104 A.3d 17, 21 (Pa. Super. 2014) (citation omitted).

Although the Saks ably argue that admission of the "swimmies" evidence was wholly irrelevant to A.S.'s injuries, highly prejudicial, and could not have formed the basis for a comparative and/or contributory negligence assertion against the Sak parents, our prior case law establishes that any purported error in admitting this evidence is harmless.

"An error is harmless if the court determines that the error could not have contributed to the verdict." **Bensinger v. University of Pittsburgh Medical Center**, 98 A.3d 672, 683 n.12 (Pa. Super. 2014) (internal alterations and citation omitted). Under Pennsylvania law, "where a jury finds no negligence on the part of a defendant, purported error regarding questions of comparative and/or contributory negligence *are not prejudicial* and cannot serve as a basis for the award of a new trial." **Boyle v. Independent Lift Truck, Inc.**, 6 A.3d 492, 496 (Pa. 2010) (citations omitted) (emphasis added); **see also Whitton v. H.A. Gable Co.**, 200 A. 644, 646 (Pa. 1938) ("[A]s the jury found no negligence on the part of appellee the question of contributory

negligence passes out of the case, and any error in the charge in this respect would not have been prejudicial").

Here, the jury found that Appellee was not negligent and therefore had no opportunity to reach the issue of causation. Accordingly, the trial court's admission of evidence suggesting the parents' contributory and/or comparative negligence was harmless and simply did not affect the verdict. As any error related to the trial court's denial of the Saks's motion *in limine* was harmless, the Saks are not entitled to relief.

Judgment affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/31/2020